WARNER, C.J.
The Department of Revenue appeals a trial court’s order determining that the former husband shall pay the entire 65% of his net disposable income, allowed by federal law, toward the support of his minor children and that no part of the 65% shall be payable to satisfy the arrearage due for support of his now adult children from his first marriage. We affirm the trial court’s order, concluding that the federal statute requires such a result.
When Robert Knight divorced his first wife, he was obligated to support his two children from that marriage, who became emancipated in 1995 and 1998, respectively. Several orders have been entered attempting to enforce the support orders, and Knight was ordered to pay $200 weekly for child support and $40 weekly for arrearages. In 1997, he was held in contempt for failure to pay child support. At that time the arrearages amounted to over $11,000, and the court ordered an additional payment of $10 weekly on the arrear-age, for a total payment of $250 per week. An income deduction order was entered against Knight, with which he complied until 1998 when his youngest child turned eighteen.
Knight filed a motion to clarify the deduction order. In that motion, he alleged that he was also required to pay $2,967.79 per month for the children of his second marriage, which also ended in divorce. Thus, he sought to secure one income deduction order covering both obligations, limiting the deduction to 65% of his net earnings, and determining how that amount should be allocated. After hearing from all of the parties, the trial court determined that $8,285.85 per month constituted 65% of Knight’s net disposable income and that the entire amount should be paid through an income deduction order for the support of his minor children from the second marriage. The child support obligation to his first wife was to remain in full force and effect, and she would remain a creditor, but she would not be entitled to any portion of the 65% of Knight’s disposable income due to 15 U.S.C. § 1673(b)(2)(A)(1998).[1]
We agree with the trial court’s conclusion, even though we remand for reallocation. We rely not only on the federal statute cited, but on section 61.1301(4), Florida Statutes (Supp.1998), which provides how amounts available from an income deduction order should be allocated when there is more than one obligation outstanding. That section states that:
(4) When there is more than one income deduction notice against the same obligor, the amounts available for income deduction must be allocated among all obligee families as follows:
(a) For computation purposes, all obligations must be converted to a common payroll frequency, and the percentage of deduction allowed under § 303(b) of the Consumer Credit Protection Act, 15 U.S.C. § 1673(b), as amended, must be determined. The amount of income available for deduction is determined by multiplying that percentage by the obli-gor’s net income.
[[Image here]]
(c) If the total monthly support obligation to all families is greater than the amount of income available for deduction, the amount of the deduction must be prorated, giving priority to current support, so that each family is allocated a percentage of the amount deducted. The percentage to be allocated to each family is determined by dividing each current support obligation by the total of all current support obligations. If the total of all current support obligations is less than the income available for deduction, and past due support is owed to more than one family, then the remainder of the available income must be prorated so that each family is allocated a percentage of the remaining income available for deduction. The percentage *965 to be allocated to each family is determined by dividing each past due support obligation by the total of all past due support obligations.
§ 61.1301(4), Fla. Stat. (Supp.1998). In the instant case, the income deduction order for the children of the second marriage was for current support and thus had priority in the statute over past due support obligations. However, the court allocated all of Knight’s 65% net disposable income available to satisfy the obligations of the second marriage, even though they were less than the amount the court found was available. We thus remand for the pro-ration of the remaining amount available after paying the current support, which we calculate will leave $318.06 per month to reduce the support obligations of the first marriage or to prorate between the two support obligations if there is also an ar-rearage from the support obligation of the second marriage.
Affirmed but remanded for further proceedings in accordance with this opinion. STONE, J„ and GLICKSTEIN, HUGH S., Senior Judge, concur.

. We believe that the court meant to cite 15 U.S.C. § 1673(b)(2)(B)(l998).