NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

WILLIAM BUDD MOORE,                )
                                   )
         Appellant,                )
                                   )
v.                                 )        Case No. 2D18-2672
                                   )
HOLLY HOLLENCAMP HOLTON            )
f/k/a HOLLY MOORE,                 )
                                   )
         Appellee.                 )
                                   )
_____    )

Opinion filed April 12, 2019.

Appeal from the Circuit Court for
Sarasota County; Donna Padar Berlin,
Judge.

William Budd Moore, pro se.

Jaime L. Wallace and Mark C. Dungan of
Icard, Merrill, Cullis, Timm, Furen &
Ginsburg, P.A., Sarasota, for Appellee.


SALARIO, Judge.

        In this postjudgment dissolution of marriage appeal, Mr. Moore seeks

review of an order awarding attorney's fees and an income deduction order, both

rendered after the trial court found Mr. Moore in arrears on alimony, child support, and

attorney's fees and reduced the amounts of those arrearages to judgment in connection

with its resolution of a motion to enforce those obligations. We affirm the fee order without comment. We reverse in part as to the income deduction order.

The income deduction order calls for a deduction of sixty-five percent of Mr. Moore's monthly disposable income—which Mr. Moore does not contend was improper, see 15 U.S.C. § 1673(b)(2)(B) (2018)—but it fails to explain how much of that monthly deduction and in what priority the amount deducted is to apply to each current obligation and each arrearage (alimony, child support, or attorney's fees). Section 61.1301(1), Florida Statutes (2018), sets forth items that a trial court imposing an income deduction order must specify, including that arrearage amounts are to be deducted at twenty percent or more of the periodic amount set forth in the order establishing the obligation. Neither the judgment upon which this income deduction order is based nor the order itself provides any indication of how the arrearage amounts and the original obligations are to be treated in relation to the total percentage deducted. It is therefore impossible for Mr. Moore to know from the face of the income deduction order whether or how the deduction is applying to each arrearage and each original current obligation. And the income deduction order is likewise insufficient to provide any future payor or court tasked with the enforcement of the order under section 61.1301(2) with the requisite information to apply the deduction amount to the arrearages and the current obligations in a way that consistently adheres to section 61.1301. Entering the income deduction order without this information was error because, without more specificity, Mr. Moore will be unable to determine how much each obligation (current and arrearage) is affected when income is deducted or when his obligation to pay the arrearages has expired. See generally Dep't of Revenue v. Knight, 765 So. 2d 963, 964 (Fla. 4th DCA 2000) (relying "on section 61.1301(4),

- 2 -

Florida Statutes (Supp. 1998), which provides how amounts available from an income deduction order should be allocated when there is more than one obligation outstanding," to require remand for the specific proration of the income deduction amounts at issue in an income deduction order).

We therefore reverse the income deduction order to the extent that it fails to provide this information, affirm the balance (the fee order, the order reducing the arrearage amount to judgment, and so much of the income deduction order as we have not reversed), and remand with instructions to enter an amended income deduction order including the information we have just described. Nothing in this opinion should be read as precluding the use of percentages rather than exact dollar amounts to determine the amount of the monthly income deduction and its application to the various obligations the income deduction order enforces as long as those percentages are sufficiently stated to show the allocations and priorities described above.

Affirmed in part; reversed in part; remanded.

BLACK and ROTHSTEIN-YOUAKIM, JJ., Concur.